United States Court of Appeals
Fifth Circuit

**F I L E D**

June 10, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

No. 01-21294

————————

RICHARD O HUNTON; ET AL,

Plaintiffs,

RICHARD O HUNTON; BENNY PACE, Trustee of the Richard O
Hunton Irrevocable Trust,

Plaintiffs - Appellants,

versus

THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA;
ET AL,

Defendants,

THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,

Defendant - Appellee.

Appeal from the United States District Court
For the Southern District of Texas
H-01-CV-647

Before DAVIS, CYNTHIA HOLCOMB HALL[*], and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[**]

This suit involves a dispute over an insurance policy owned by the Richard O. Hunton Irrevocable Trust (the "Trust"). Richard Hunton, the insured, and Benny Pace, trustee of the Trust (collectively, "Hunton"), brought suit against the insurer, Guardian Life Insurance Company of America ("Guardian"), and Stephen Friedman, the insurance agent that sold the policy (collectively, "the defendants").

In the complaint, Hunton alleges five claims: (1) breach of contract; (2) fraud and fraudulent inducement; (3) violations of the Texas Deceptive Trade Practices Act ("DTPA"), codified at TEX. BUS. & COM. CODE § 17.41 *et seq.*; (4) violations of the Texas Insurance Code, *see* TEX. INS. CODE art. 21.21; and (5) negligent misrepresentation. The district court granted summary judgment on all claims to Guardian, and Hunton timely appeals.

We review a grant or denial of summary judgment *de novo*, using the same criteria employed by the district court. *Mongrue v. Monsanto Co.*, 249 F.3d 422, 428 (5th Cir. 2001). Summary judgment is proper if, drawing all inferences in favor of the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; FED. R. CIV. P. 56(c).

Hunton bases this suit on misrepresentations made to him by Friedman at and around the time the policy was purchased in 1992. Hunton does not dispute that the limitations period for the fraud

---

[*] Circuit Judge of the Ninth Circuit, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and breach of contract claims is four years under Texas law, or that the other claims have two-year limitations periods. Instead, Hunton argues that the claims were not ripe until he suffered legal damage by paying more premiums that he expected.

Hunton is incorrect. Under Texas law, a cause of action accrues and the statute of limitations begins to run when "a wrongful act causes some legal injury, even if the fact of the injury is not discovered until later, and even if all the resulting damages have not yet occurred." *Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997) (citation omitted); *see also Martinez Tapia v. Chase Manhattan Bank, N.A.*, 149 F.3d 404, 409-12 (5th Cir. 1998) (holding that when an investor claims fraud or misrepresentation with respect to a financial investment, the statute of limitations begins to run when the investment was made if due diligence on the part of the investor would have revealed the nature of the investment and its attendant risks).

In addition, neither the doctrine of fraudulent concealment nor the discovery rule toll the statutes of limitations in this case because Hunton had not raised a genuine issue of material fact as to whether the alleged fraud was concealed from him or otherwise undiscoverable. Regardless of what Friedman told Hunton about the nature of the policy and its "vanishing premiums," the policy was replete with language that suggested Friedman's representations were incorrect. *See, e.g., Prieto v. John Hancock Mut. Life Ins. Co.*, 132 F. Supp. 2d 506, 520 (N.D. Tex. 2001) ("Investment decisions inherently require that the investor exercise diligence rather than relying on any oral representations."). The terms of the policy were apparent on its face, and the policy expressly removed Friedman's authority to change those terms. The policy also cautioned that dividends were determined yearly and depended upon Guardian's expenses and investment track record.

None of Hunton's many arguments overcome the obvious conclusion that the suit is time-

barred.  Thus, we AFFIRM the district court's grant of summary judgment to the defendants.

AFFIRMED.